IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION, as receiver for ) <br> The First National Bank of Olathe, ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> v.   ) <br>   ) <br> MATTHEW DEAN LINDAMOOD, et al., ) <br>   ) <br>   Defendants. ) <br>   ) <br> _____) | Case No. 14-2396-JWL |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss filed by defendant Brant McCoy, special administrator for the Estate of Nicholas Pflumm (Doc. # 50). For the reasons set forth below, the Court **denies** the motion to dismiss.

### **I.   Background**

On August 12, 2011, plaintiff FDIC was appointed receiver for The First National Bank of Olathe. On August 8, 2014, plaintiff filed the present suit, in which plaintiff asserts state-law tort claims on behalf of the bank against the bank's former officers and directors. Plaintiff's claims are based on defendants' approval of certain loans in 2007 and 2008, although plaintiff alleges that the claims did not accrue more than two years prior to the receivership. By orders of the Court, plaintiff's deadline for service under

Fed. R. Civ. P. 4(m) was extended to June 12, 2015.

One of the individual defendants, Nicholas Pflumm, died on May 12, 2013. An estate for the decedent was opened in Kansas probate court, notice was provided to creditors, including plaintiff, and the estate was closed on April 21, 2014, without any claim having been filed by plaintiff. On February 11, 2015, plaintiff filed a petition in the Kansas state court to reopen the estate and for appointment of a special administrator for the estate. Plaintiff asserted in that petition that it did not seek any recovery of estate assets, but that it intended only to recover against the decedent's liability insurance. The former executor of the estate opposed the petition, but on March 27, 2015, the state court granted the petition, reopened the estate, and appointed Mr. McCoy as special administrator for purposes of this litigation by plaintiff. The state court subsequently denied the executor's motion for reconsideration.

On March 30, 2015, plaintiff filed a motion to amend its complaint to substitute McCoy, as representative of the estate, for the decedent as defendant in this action. On May 12, 2015, the Magistrate Judge granted the motion to amend. In so doing, the Magistrate Judge declined to rule on defendant McCoy's argument based on the statute of limitations, although the Magistrate Judge indicated that defendant could raise such argument in a motion to dismiss once he was properly made a party to the case. On May 14, 2015, plaintiff filed its amended complaint naming Mr. McCoy as a defendant, and service of process was obtained on that defendant on May 20, 2015. Defendant McCoy subsequently filed the instant motion to dismiss, by which he argues that plaintiff's

2

claims against him as special administrator are time-barred.

## II. <u>Analysis</u>

The parties agree that, under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), the statute of limitations for plaintiff's claims expired at the latest on August 12, 2014, three years after plaintiff's appointment as receiver for the bank. *See* 18 U.S.C. § 1821(d)(14). Plaintiff filed its complaint on August 8, 2014, but it did not file a complaint naming Mr. McCoy as defendant until May 14, 2015. Thus, plaintiff's claims against this defendant are timely only if the amended complaint relates back to the date of the original complaint for purposes of applying the statute of limitations. Rule 15(c)(1) provides that an amendment relates back when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

3

*See* Fed. R. Civ. P. 15(c)(1).

Because plaintiff has changed a party here, satisfaction of Rule 15(c)(1)(C) is required for relation back of the amended complaint with respect to the new party, Mr. McCoy. The first requirement—compliance also with Rule 15(c)(1)(B)—is satisfied because, in merely substituting the party defendant, the amendment did not alter the claims of the original complaint. The remaining requirements have also been satisfied because plaintiff filed and served the amended complaint on Mr. McCoy before the Rule 4(m) service deadline expired.[1] Thus, by that deadline, the new party—the representative of the estate—had received notice of the action and had been informed that the suit was mistakenly filed against the decedent.

Defendant argues that plaintiff's failure to name the estate's representative as the proper defendant in the original complaint was not the type of "mistake" contemplated by Rule 15(c)(1)(C)(ii), but the Court rejects that argument. Defendant has not provided any authority to suggest that the rule may not be satisfied in this circumstance, and in fact, courts have deemed the naming of a decedent to constitute a "mistake" under this rule. *See, e.g.*, *Loudenslager v. Teeple*, 466 F.2d 249, 250-51 (3d Cir. 1972); *American High-Income Trust v. Alliedsignal*, 329 F. Supp. 2d 534, 546-47 (S.D.N.Y. 2004). Suing a decedent without the capacity to be sued served no purpose for plaintiff. *See Anderson*

---

[1] The notice period of the rule includes any additional time from extensions ordered by the Court pursuant to Rule 4(m). *See* Fed. R. Civ. P. 15 adv. cmtee. note (1991).

*v. Deere & Co.*, 852 F.2d 1244, 1248 (10th Cir. 1988) (plaintiff sued wrong parties because of a "mistake" for purposes of Rule 15(c) where there was nothing to indicate that the plaintiffs were making a strategic or tactical choice). Thus, the Court concludes that there was the requisite "mistake" here.

The Court also rejects defendant's assertion of prejudice. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Defendant argues that he did not receive notice until after the statute of limitations had run, but the rule only requires notice within the service time, which might extend beyond the running of the statute of limitations. Defendant also argues that the state probate court had no authority to reopen the estate in these circumstances, but the Court disagrees, for the reasons set forth below. Moreover, the state court *did* reopen the estate, which permitted plaintiff to pursue its claims against this defendant, and there is no basis for this Court somehow to undo that action by the state court. Defendant has not identified any prejudice to his ability to defend plaintiff's claims that may be attributed to plaintiff's delay in naming the proper party defendant.

Accordingly, the Court concludes that the requirements of Rule 15(c) have been satisfied here, which allows for plaintiff's amended complaint to relate back to the date of the filing of the original complaint. Because plaintiff's claims against defendant are deemed filed as of August 8, 2014, the Court rejects defendant's argument that plaintiff's claims are untimely under FIRREA's three-year statute of limitations.[2]

---

[2]Defendant has expressly reserved for a later stage the possible argument that
(continued...)

Defendant nonetheless argues that plaintiff's claims against him as administrator are barred by operation of the Kansas non-claim statute, K.S.A. § 59-2239. "K.S.A. 59-2239 imposes a special statute of limitations governing such claims against a decedent's estate, and it operates as a complete bar to all demands against a decedent's estate that are not timely filed." *See Nelson v. Nelson*, 288 Kan. 570, 591 (2009). Subsection (1) of that statute provides that demands against a decedent's estate shall be barred from payment unless they are presented within certain time periods triggered by notice to creditors. *See* K.S.A. § 59-2239(1). Plaintiff did not present any demand against the estate in compliance with subsection (1). Subsection (2) provides in relevant part as follows:

> Nothing in this section shall affect or prevent the enforcement of a claim arising out of tort against the personal representative of a decedent within the period of the statute of limitations provided for an action on such claim. For the purpose of enforcing such claims, the estate of the decedent may be opened or reopened, a special administrator appointed, and suit filed against the administrator within the period of the statute of limitations for such action. Any recovery by the claimant in such action shall not affect the distribution of the assets of the estate of the decedent unless a claim was filed in the district court within the time allowed for filing of claims against the estate under subsection (1) . . . .

*See id.* § 59-2239(2). Defendant does not dispute that subsection (2) permits a claim asserted only against a decedent's liability insurance, as such a claim would not affect

---

²(...continued)
plaintiff's claims are untimely because they were already time-barred at the time of plaintiff's appointment as receiver, and the Court agrees that its rejection of defendant's present limitations arguments does not preclude defendant's later assertion of that alternative basis for dismissal.

the distribution of any estate assets. *See Kannaday v. Ball*, 44 Kan. App. 2d 65, 69-71 (2010). Thus, the Court determines whether plaintiff has satisfied any requirements of subsection (2).

The Court first rejects plaintiff's argument that it need not comply with the three requirements of having the estate reopened, securing the appointment of a special administrator, and filing suit against the administrator within the statute of limitations. Plaintiff argues that subsection (2)'s use of the permissive word "may" makes those steps discretionary and not mandatory. The Court concludes, however, under a plain reading of the statute, that the discretionary choice indicated by the word "may" is whether or not to seek enforcement of a claim. Once a party chooses that path, it must then comply with the procedures set forth for enforcing a claim. That interpretation is supported by the use of the word "and" in the provision of those procedures—if the statute were merely suggesting possible discretionary actions, it would likely state that one action, a second action, *or* a third action could be taken. Thus, all three steps listed in the rule are mandatory.

The Court also rejects defendant's argument that each of the three steps must be performed "within the period of the statute of limitations for such action." Defendant has provided no authority to support that interpretation, and the Court concludes that the only reasonable interpretation of subsection (2) is that the quoted phrase (which is not set off by a comma or otherwise placed within the statute to indicate a broader application) modifies only the third requirement that suit be filed against the

administrator.

Thus, because the estate was reopened and defendant was appointed special administrator, compliance with subsection (2) in this case turns on whether plaintiff filed suit against the administrator "within the period of the statute of limitations for such action."[3]

Defendant argues that the language of the statute requires plaintiff to have filed its amended complaint by August 12, 2014, when the FIRREA statute of limitations ran, without regard to any relation back under Rule 15(c). Defendant relies on an unpublished memorandum decision of the Kansas Court of Appeals, *McKeithen v. Mims*, No. 70,867, 1995 Kan. App. Unpub. LEXIS 840 (Mar. 17, 1995). In *McKeithen*, the court rejected the plaintiff's argument that this requirement of subsection (2) could be

---

[3]Plaintiff argues that defendant is collaterally estopped from relitigating this issue in light of the state court's orders. As defendant notes, however, the state court did not rule specifically on the timeliness of plaintiff's claims. The state court did state in its order that " all three procedural requirements of K.S.A. 59-2239(2) are met," but it did not attempt to interpret the statute, and it is unclear from the orders whether the state court conditioned its statement on a finding of relation-back—an issue that the state court expressly reserved for this Court. Nor have the parties addressed whether the state court's orders naming a special administrator constitute a final judgment, as required for the application of collateral estoppel. *See Valley Improvement Ass'n, Inc. v. United States Fid. & Guar. Corp.*, 129 F.3d 1108, 1120 (10th Cir. 1997) (final judgment is required for issue preclusion); *In re Application of Fleet*, 293 Kan. 768, 777-78 (2012) (same); *see also Kincaid v. Sturdevant*, 437 F. Supp. 2d 1219, 1223-24 (D. Kan. 2006) (Lungstrum, J.) (in light of similarity of Kansas and federal law on collateral estoppel, court need not decide which law applies to assertion of preclusion based on state court proceedings). In light of the Court's conclusion that plaintiff's claims are not barred by the Kansas non-claim statute, the Court need not decide whether collateral estoppel applies here.

satisfied by a petition that related back under Kansas Rule 15(c), K.S.A. § 60-215(c). *See id.* at *10-12. The court based that ruling on the fact that while Rule 15(c) referred at that time to "the period provided by law for commencing the action" (which period, under Kansas law, included service time), subsection (2) did not use that phrase but instead referred to the "period of the statute of limitations." *See id.*

The Court rejects the reasoning of *McKeithen*, which, as an unpublished memorandum opinion, does not constitute binding precedent. *See* Kan. S. Ct. Rule 7.04(g)(2)(A). First, because amendment of a complaint involves a matter of procedure, the Court applies federal law; thus, the terms of federal Rule 15(c) would take precedence here even if subsection 59-2239(2) prohibited the use of relation back for satisfaction of its requirement. *See Morel v. DaimlerChrysler AG*, 565 F.3d 20, 23-26 (1st Cir. 2009) (federal Rule 15(c) applies over more-restrictive state relation-back rules; citing cases). Second, subsection (2) does not by its terms prohibit the use of relation back. It is true, as noted by the court in *McKeithen*, that subsection (2) uses different language than that used in Rule 15(c) (state or federal), but that difference is easily explained, as the rules are referring to two different things. Rule 15(c) provides a time period during which notice must be provided to the new defendant, and the time for service of the original complaint was chosen for that deadline. That deadline may or may not fall outside the time of the applicable statute of limitations, but relation back allows the amended complaint to be timely if the notice and other requirements are met. Subsection (2) does not contain any notice requirement, but rather allows for the

9

enforcement of certain claims if they are timely filed.  Thus, the reference to the statute of limitations in subsection (2) is understandable, and the use of language that does not mirror Rule 15(c) is not significant in interpreting the statute.  The Court therefore does not believe that the holding of *McKeithen* rests on a sound basis.

Accordingly, the Court interprets subsection (2) not to forbid the application of relation back in determining whether its limitations requirement is satisfied.  That interpretation is consistent with Kansas cases that did not involve compliance with subsection (2), but in which courts have allowed the substitution of a decedent's estate to relate back to the date of original filing.  *See Vorhees v. Baltazar*, 283 Kan. 389, 398-406 (2007); *Hinds v. Estate of Huston*, 31 Kan. App. 2d 478, 479-82 (2003).

As noted above, plaintiff's amended complaint, by which plaintiff asserts claims against defendant administrator, relates back under Rule 15(c) to the date of the original complaint, which falls within the applicable three-year statute of limitations under FIRREA.  Thus, subsection (2)'s requirement that suit be filed within the period of the applicable statute of limitations is satisfied here, and plaintiff's claim is therefore not barred by the Kansas non-claim statute.  Accordingly, the Court denies defendant's motion to dismiss plaintiff's claims against him as untimely.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss filed by defendant Brant McCoy, special administrator for the Estate of Nicholas Pflumm, (Doc. # 50) is hereby **denied**.

IT IS SO ORDERED.

Dated this 4th day of August, 2015, in Kansas City, Kansas.

                                           s/ John W. Lungstrum
                                           John W. Lungstrum
                                           United States District Judge